UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD HENNEGHAN, *et al.*,

    Plaintiffs,

    v.

MURIEL E. BOWSER, *et al.*,

    Defendants.

Civil Action No. 16-569 (JEB)

## MEMORANDUM OPINION

On March 25, 2016, Plaintiff Gerald Henneghan brought this *pro se* action on behalf of himself and, purportedly, his minor child, asserting a variety of constitutional claims against officials and judges in the District of Columbia. See ECF No. 1 (Complaint). In his Complaint, Henneghan primarily asks this Court to order a United States Marshal to locate and return his minor son to his custody, as Defendants have taken him in furtherance of their "Black Supremacists, Black Supremacy Sympathizers and Socialists" political ideology. Id., ¶¶ 16, 17. He focuses on Defendants' alleged efforts to unconstitutionally deprive him and his son (as well as other children) of their right to familial integrity by "kidnapping" his son from a public library on July 26, 2012, placing the child in foster care, and denying claims prosecuted by Henneghan in an effort to reunite with the child. Id., ¶¶ 19-76, 83 & Exhs. A-H. As Plaintiff has refused to pay the requisite filing fee for this case or petition to proceed *in forma pauperis* in this Court, despite repeated Court orders directing that he do so, the Court will now dismiss this action without prejudice to its refiling.

The history of this action is short in the telling. Because Plaintiff described himself to be seeking a writ of habeas corpus, he paid only the $5 filing fee required for such a claim, rather

1

than the larger fee necessary for filing a general civil case. Id. The Court, after reviewing the Complaint and two of his subsequently filed "Emergency Ex Parte Motions" seeking the same relief, informed him that this was "not a true habeas action" and, as a result, ordered that "he must pay the balance of the filing fee ($395) or file a motion seeking leave to proceed *in forma pauperis*." Minute Order of May 20, 2016. Plaintiff did not subsequently pay the filing fee or petition for IFP status, but chose instead to unsuccessfully appeal that Order to the Court of Appeals. See ECF Nos. 5, 6. After the D.C. Circuit dismissed that appeal, this Court renewed its Order that Henneghan either pay his filing fee or file a motion to proceed IFP by December 29, 2016, warning that his "[f]ailure to do so would result in dismissal [of his action] without prejudice." Minute Order of Dec. 8, 2016.

The Court must now fulfill that promise as Henneghan has still not taken either of the ordered actions. As the Court has explained, this case is not truly a habeas action, but, instead, asserts a litany of civil-rights claims to vindicate alleged constitutional wrongs committed by officials and judges in the District of Columbia. By contrast, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (emphasis added); see Boumediene v. Bush, 553 U.S. 723, 739-46 (2008) (describing history and purpose of habeas corpus as a means for detainee to challenge legality of his detention in judicial forum). Henneghan never alleges that he is in custody. Nor do Henneghan's efforts to seek, *inter alia*, access to state-agency documents related to his son's child-protective case sound in such a vein.

To the extent that he means to assert that his son is in state custody and thus to launch a collateral attack on the state-court judgment placing him in foster care, the federal habeas statute does not confer jurisdiction on this Court to consider such a claim. Lehman v. Lycoming Cty.

Children's Servs. Agency, 458 U.S. 502, 515-16 (1982) (holding federal habeas statute does not confer jurisdiction to review state-court judgment of child's placement in foster care); Jacobson v. Summit Cty. Children Servs. Bd., 202 F. App'x 88, 90 (6th Cir. 2006) (holding, under Lehman, federal courts do not have jurisdiction to review state court's placement of children in foster care by means of habeas-corpus application); Middleton v. Attorneys Gen. of States of N.Y., Pa., 396 F.3d 207, 209 (2d Cir. 2005) (*per curiam*) (same); United States ex rel. Mueller v. Mo. Div. of Family Servs., 123 F.3d 1021, 1024 (8th Cir. 1997) (same).

      The Court will thus issue a contemporaneous Order dismissing the case without prejudice.

                                          /s/ *James E. Boasberg*
                                          JAMES E. BOASBERG
                                          United States District Judge

Date:  January 10, 2017